IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

KADIR GONZALEZ,

    Plaintiff,

vs.

ROYAL 1 RESTORATION, LLC,
a Florida Limited Liability Company,
and DENNIS MARRERO, an individual,
jointly and severally,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, KADIR GONZALEZ, sues Defendants, ROYAL 1 RESTORATION, LLC and DENNIS MARRERO, and shows:

### Introduction

1.    This is an action by KADIR GONZALEZ against his former employers for unpaid overtime and unpaid commissions pursuant to the Fair Labor Standards Act and Florida Statutes Chapter 448. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2.    This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, as well as Florida Statutes § 448.08. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3.    The claim arose within the Southern District of Florida, which is where venue is proper.

**Parties and General Allegations**

4. Plaintiff, KADIR GONZALEZ, (hereinafter "GONZALEZ") a resident of Miami-Dade County, was at all times material, employed by ROYAL 1 RESTORATION, LLC, in various capacities, including as a restoration and remediation technician and administrative personnel, was an employee as defined by 29 U.S.C. § 203(e), and during his employment with ROYAL 1 RESTORATION, LLC, was engaged in interstate commerce or in the production of goods for commerce.

5. Defendant, ROYAL 1 RESTORATION, LLC (hereinafter, "ROYAL 1"), is a Florida limited liability company doing business in Broward County, Florida, and is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), which has employees subject to the provisions of the FLSA, 29 U.S.C. §§ 207, in the offices where GONZALEZ was employed.

6. Defendant, DENNIS MARRERO (hereinafter "MARRERO"), who resides in the Southern District of Florida, was, or now is, an owner and/or operator of Defendant ROYAL 1.

7. Defendant MARRERO acted and acts directly in the interests of Defendant ROYAL 1, in relation to its employees. Thus, MARRERO was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

8. In November of 2017, Plaintiff began his employment with Defendant ROYAL 1. It was the parties' agreement that Plaintiff was to receive commissions ranging from 25% to 50% for clients hiring them for water remediation. Specifically, Plaintiff was to receive 25% of the total contract price for jobs worked on by Plaintiff but not originating from Plaintiff and 50% of the total contract price for jobs originating/brought in by Plaintiff.

9. On January 15, 2019, Plaintiff advised Defendants that he could no longer work for Defendants because of non-payment of his commissions.

10. Defendants, throughout Plaintiff's employment, failed to fully pay him for all wages and commissions that were earned and owed.

11. Plaintiff performed all necessary duties that would qualify him to receive his earned commissions but has not been paid the same, in breach of the parties' agreement.

### Count I – Violation of FLSA by All Defendants – Overtime

12. Plaintiff, KADIR GONZALEZ, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 11 above.

13. Since November 2017 up to and including January 2019, Defendants have willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically GONZALEZ, since November 2017, has worked in excess of 40 hours a week nearly every week of his employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.

14. The failure to pay overtime compensation to GONZALEZ is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he neither was a bona fide executive, administrative or professional employee, or in the alternative, if GONZALEZ was exempt, Defendants' actions and/or conduct have effectively removed any exemption that may have applied to GONZALEZ.

15. Defendants' actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and GONZALEZ's status as non-exempt, but chose not to pay him in accordance with the Act.

16. GONZALEZ is entitled pursuant to 29 U.S.C. § 216(b), to recover from ROYAL 1:

  a. All unpaid overtime that is due;

  b. As liquidated damages, an amount equal to the unpaid overtime owed;

  c. The costs of this action, and;

  d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, KADIR GONZALEZ, prays that this court will grant judgment against all Defendants:

  a. awarding GONZALEZ payment of overtime compensation found by the court to be due to him under the Act, including pre-judgment interest;

  b. awarding GONZALEZ an additional equal amount as liquidated damages;

  c. awarding GONZALEZ his costs, including a reasonable attorney's fee; and

  d. granting such other and further relief as is just.

### Count II – Breach of Contract against Defendant ROYAL 1 (Unpaid Commissions)

17. Plaintiff, KADIR GONZALEZ, realleges the allegations in paragraphs 1 through 11, as if fully set forth in Count II of Plaintiff's Complaint.

18. Defendant ROYAL 1's failure to pay Plaintiff the agreed upon commissions amounts to a breach of contract.

19. As a result of Defendant's breach, Plaintiff has incurred general damages and is entitled to recover the unpaid commissions, as well as prejudgment interest to partially compensate him for the loss of use of the funds that were due.

WHEREFORE, Plaintiff requests judgment against Defendant ROYAL 1 for his unpaid commissions and other damages, together with costs of suit and reasonable attorney fees, and such other and further relief as the court may deem proper.

### Jury Demand

Plaintiff demands trial by jury on all issues so triable.

Dated: December 3, 2019
Plantation, Florida

                            Respectfully submitted,

                            James A. Peterson, Esq.
                            Of Counsel
                            ROBERT S. NORELL, P.A.
                            300 N.W. 70th Avenue
                            Suite 305
                            Plantation, FL 33317
                            Phone: (954) 617-6017
                            Facsimile: (954) 617-6018
                            E-Mail: James@FloridaWageLaw.com
                            *Counsel for KADIR GONZALEZ*


By:    /s/ *James A. Peterson*
           James A. Peterson, Esq.
           Bar No.: 645621